UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NICHELLE HARVEY,

   Plaintiff,  :

 v.         Case No. 2:22-cv-3886
            Judge Sarah D. Morrison
            Magistrate Judge Chelsey M.
FRANKLIN COUNTY, OHIO, *et* Vascura
*al.*,         :

   Defendants.

## OPINION AND ORDER

Plaintiff Nichelle M. Harvey, proceeding *pro se*, filed suit pursuant to § 1983 and Ohio law alleging, among other things, violations of her Federal and State constitutional rights. (Compl., ECF No. 1.) This matter is before the Court on three motions to dismiss filed by the Defendants in this case (ECF Nos. 3, 9, 10), a motion to show authority (ECF No. 6), and a motion to file an amended complaint (ECF No. 13), the latter two of which were filed by Harvey.

The motion to show authority is **DENIED** as meritless. And, for the reasons set forth below, Defendants' motions to dismiss are **GRANTED** and Harvey's motion to amend is **DENIED**.

**I. BACKGROUND**

Harvey brought this action against the following defendants in their individual and official capacities: Maryellen O'Shaughnessy, Dallas L. Baldwin, Karen H. Phipps, Eric T. Deighton, Adrienne S. Foster, Bradley P. Toman, the State of Ohio, and Franklin County, Ohio. (ECF No. 1.) Harvey's claims arise out of a

state foreclosure action that was instituted against her when she defaulted on her mortgage held by Third Federal Savings and Loan Association. *See Third Federal Savings and Loan Association of Cleveland v. Nichelle M. Harvey, et al.*, Franklin County Court of Common Pleas Case No. 22CV002325 (hereinafter "*Foreclosure Action*").[1]

Defendants Deighton, Foster, and Toman are attorneys with the law firm of Carlisle, McNellie, Rini, Kramer and Ulrich Co. L.P.A. ("the Carlisle Defendants") (Compl. ¶¶ 11–13); they prosecuted the foreclosure action against Harvey on behalf of their client, Third Federal.

In April 2022, Harvey was served with a summons in the foreclosure action. (Compl. ¶ 22.) Four months later, Third Federal was granted judgment with a finding that it was entitled to foreclose on the property identified in the state court complaint. *Foreclosure Action*, Judgment Entry (entered 8/25/2022). Then, on or about October 4, 2022, Defendants Baldwin and Toman advertised the sale of property that was the subject of the foreclosure action. (Compl. ¶ 30.) The property was subsequently sold to Pioneer Vineyard LLC and a final judgment entry was filed by the state court on December 20, 2022. *Foreclosure Action*, Confirmation of Sale (entered 12/20/2022).

---

[1] This Court can consider and take judicial notice of facts in the public record without converting the Motion to Dismiss into one for summary judgment. See *Scarso v. Cuyahoga Cty. Dep't of Human Services*, 1990 WL 169645, at *2 (6th Cir. 1990) ("In determining the legal efficacy of plaintiffs complaint, the lower court properly took judicial notice of facts in the public record, specifically the records of state court proceedings.") (citations omitted).

2

Following the sale of her property and satisfaction of her debts, Harvey received notice that she may be entitled to $30,901.43 in excess monies. *Foreclosure Action*, Notice of Excess Proceeds (entered 3/10/2023). In order to determine her final compensation, Harvey is required to file a motion for a hearing with the Franklin County Clerk of Courts. *Id.* As of the date of the Opinion and Order, there is no allegation or indication on the public record that Harvey filed such a motion.

In November 2022 (before her property was sold at the sheriff's auction), Harvey filed this case asserting claims for an injunction (count 1), violations of 42 U.S.C. § 1983 (count 2), abuse of process (count 3), defamation (count 4), identity theft (count 5), intentional interference (count 6), and intentional infliction of emotional distress (count 7).

The Carlisle Defendants filed a Motion to Dismiss, which motion is now fully briefed. (ECF Nos. 3, 5, 7.) The State of Ohio filed a Motion to Dismiss (ECF No. 9), and Defendants O'Shaughnessy, Baldwin, Phipps, and Franklin County, Ohio ("the Franklin County Defendants") filed a Motion to Dismiss (ECF No. 10); Harvey responded to these two latter motions when she responded to an Order to Show Cause. (ECF No. 13.) Within that response, Harvey also sought leave to file an amended complaint. (*Id.*) The motions to dismiss and motion to file an amended complaint are discussed below.

## II. MOTIONS TO DISMISS

### A. Standard of Review

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and

3

the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

    B.    Analysis

Within their respective motions, the Defendants present wide ranging arguments for why all of Harvey's claims against them should be dismissed. In particular, the State of Ohio argues that all of Harvey's claims against it must be dismissed because it is immune from suit in federal court under Eleventh Amendment to the United States Constitution. The Franklin County Defendants

4

argue that judicial immunity doctrines preclude Harvey from bringing her claims against Phipps and O'Shaughnessy. They also argues that dismissal is necessary because Harvey has failed to connect her § 1983 claims to an individual defendant or an official policy, practice, or custom held by Franklin County. The Carlisle Defendants argue, among other things, that Harvey has failed demonstrate that their private conduct is attributable to the state and, therefore, she has failed to state a § 1983 claim against them.[2]

All Defendants make additional arguments as to Harvey's state law claims. However, the Court need not address those arguments because it will not exercise supplemental jurisdiction over her state law claims.

### 1. Section 1983 Claims

"A § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was

---

[2] The Franklin County Defendants and the Carlisle Defendants also raise jurisdictional arguments; specifically, (1) that Harvey lacks Article III standing to bring her claims in federal court (ECF No. 3, PAGEID # 31–33); and (2) that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. (*Id.* at 34–35; ECF No. 10, PAGEID # 91–92.) Jurisdiction is proper here. First, Harvey's factual allegations satisfy the injury-in-fact, causation, and redressability elements of Article III standing. *See, e.g.*, *Midwest Media Prop., LLC v. Symmes Twp., Ohio*, 503 F.3d 456, 461 (6th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Second, Harvey's allegations include injuries that are independent of the final judgment reached in the state foreclosure action, so the Court is not barred from exercising jurisdiction under the *Rooker-Feldman* doctrine. *See McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006); *Dorce v. City of New York*, 2 F.4th 82, 106 (2d Cir. 2021).

5

caused by a person acting under color of state law." *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir.1995) (quotations and citations omitted). Before addressing the parties' arguments on Harvey's § 1983 claims, the Court will organize those claims.

Under Count 2, Harvey alleges violations of the Ohio Constitution and the Fourth Amendment to the United States Constitution. Section 1983 does not provide a cause of action for violations of state constitutions, so that claim is **DISMISSED**.

Elsewhere in her Complaint and in her briefing, Harvey refers to a Fifth Amendment takings claim. (Compl., ¶ 62; Resp., ECF No. 5, PAGEID # 54.) However, there are no allegations that she was denied just compensation for her property. Instead, Harvey's allegations focus on issues with the legal process involved with the foreclosure action. Specifically, she alleges that "Defendants" engaged in a "simulat[ed]" and/or "sham" legal process to take her property and injure her in other ways. (Compl., ¶ 49, 61.) As such, the Court will construe Harvey's Complaint as bringing a Fourteenth Amendment due process claim under § 1983.

Accordingly, Harvey has alleged two § 1983 claims: (1) an unreasonable seizure under Fourth Amendment and (2) denial of her due process rights under the Fourteenth Amendment.

          a.    **The State of Ohio cannot be sued under § 1983.**

The Court need not address the State of Ohio's sovereign immunity argument as to Harvey's § 1983 claims because states cannot be sued under that statute.

6

Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights, and states are not "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Harvey's § 1983 claims against the State of Ohio are **DISMISSED**.

### b. Judge Phipps is absolutely immune from suit.

The Franklin County Defendants argue that Judge Phipps is absolutely immune from suit under the judicial immunity doctrine. (ECF No. 10, PAGEID # 93.) "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988); *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir.2007). There are only two exceptions to judicial immunity:

> First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 288 (1991) (internal citations omitted).

There is no dispute that Judge Phipps acted in her judicial capacity when presiding over the foreclosure action. Instead, Harvey invokes the second exception by alleging that her property is located outside of Franklin County and, therefore, Judge Phipps acted without jurisdiction in presiding over the foreclosure action. (Compl., ¶¶ 27–28, 35–37.) However, Harvey's allegation that her property is located outside of Franklin County is contradicted by public records. *See* Franklin

7

County Auditor Website, *Records Search 1132 Bulen Ave, Columbus, Ohio*, https://audr-apps.franklincountyohio.gov/redir/Link/Parcel/010-001710-00 (accessed May 2, 2023). *See also Bailey v. City of Ann Arbor*, 860 F.3d 382, 387 (6th Cir. 2017) (courts are no required to accept as true factual allegations that are contradicted by public records). Because public records demonstrate that the property subject to foreclosure was located in Franklin County, Judge Phipps properly exercised jurisdiction over the foreclosure action. *See State ex rel. Zein v. Calabrese*, 99 N.E.3d 900, 2017-Ohio-8325 (Oct. 23, 2017) (citing Ohio Revised Code 2305.01, 2323.07 and Ohio Const. Article IV, § 4).

Accordingly, Judge Phipps is absolutely immune from suit and Harvey's § 1983 claims against her are **DISMISSED**.

### c. Clerk of Courts O'Shaughnessy is also absolutely immune from suit.

The Franklin County Defendants also argue that O'Shaughnessy is absolutely immune from suit for actions she took as the Franklin County Clerk of Courts. (ECF No. 10, PAGEID # 93.) Whether a non-judicial officer is entitled to quasi-judicial immunity depends on "the nature of the function performed," rather than the "identity of the actor who performed it." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Buckley v. Fitzsimmons,* 509 U.S. 259, 268, 113 S.Ct. 2606, 2613 (1993)). Consistent with that approach, "[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that [they] are considered an arm of the judicial officer who is immune." *Bush*, 847. Performing ministerial acts and enforcing court orders are examples of functions

8

that are intrinsically associated with judicial proceedings. *Foster*, at 417–18; *Bush*, at 847; *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).

Harvey alleges that O'Shaughnessy violated her constitutional rights by issuing a "deceptive" summons for the foreclosure action. (Compl., ¶ 57.) *See also Foreclosure Action*, Summons Issued (entered 4/13/2022). This is precisely the sort of ministerial function for which O'Shaughnessy is entitled to quasi-judicial immunity.

Accordingly, O'Shaughnessy is absolutely immune from suit arising from the complained of conduct and Harvey's § 1983 claims against her are **DISMISSED**.

### d. Harvey has failed to state a § 1983 claim against Franklin County and Sheriff Baldwin in his official capacity.

The Franklin County Defendants argue that Harvey's claims against Baldwin in his official capacity and those against Franklin County must be dismissed because she does not allege that her constitutional injuries were caused by an official county policy, practice, or custom. (ECF No. 10, PAGEID # 89.)

The real party in interest for Harvey's § 1983 claims against Baldwin in his official capacity is Franklin County. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). So, even if Baldwin acted unconstitutionally, Franklin County cannot be held liable for his unconstitutional conduct on the basis of *respondeat superior* liability. *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 562 (6th Cir. 2011). Instead, "[t]o prevail in a § 1983 suit against a municipality, a plaintiff must show that the

9

alleged violation occurred because of a municipal policy, practice, or custom. . ..."

*Brown v. Chapman*, 814 F.3d 447, 462 (6th Cir. 2016).

> Beyond having to identify "conduct properly attributable to the municipality," a plaintiff "must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Board of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). In other words, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.*

*Id.* (emphasis in original).

Harvey's alleged constitutional injuries are that her property was unreasonably seized in violation of the Fourth Amendment and that she was denied due process of law during the state foreclosure action in violation of the Fourteenth Amendment. The only reference that she makes to an official policy, practice, or custom is her allegation that the "State of Ohio through its political subdivisions" has "a longstanding practice of converting private property into public property for pecuniary purposes." (Compl., ECF No. 45.) This practice, even if attributable to Franklin County, is too generalized to be the moving force behind Harvey's alleged constitutional injuries. As a result, Franklin County cannot be held liable for those injuries under § 1983.

Accordingly, Harvey's § 1983 claims against Sheriff Baldwin in his official capacity and against Franklin County are **DISMISSED**.

### a. Harvey has failed to state a § 1983 claim against Sheriff Baldwin in his individual capacity.

As for claims against Baldwin in his individual capacity, the Franklin County Defendants argue that Harvey fails to allege that he had any personal involvement

10

in her alleged constitutional injuries and, even if she had, that Baldwin is entitled to qualified immunity. (ECF No. 10, PAGEID # 90–91, 95–97.) Because the Court finds that Harvey has failed to state a § 1983 claim against Baldwin, it need not address whether he is entitled to qualified immunity.

To state a § 1983 claim against Baldwin in his individual capacity, Harvey must allege sufficient facts that he "*personally* violated" her rights through his own individual actions. *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original). Therefore, Harvey must allege that Baldwin directly participated in or encouraged an unconstitutional action taken against her. *Alexander v. Carter for Byrd*, 733 F. App'x 256, 263 (6th Cir. 2018). It is not enough to allege that he played "a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

Harvey alleges that Baldwin advertised her property for sale at public auction without authority. (Compl., ¶ 30.) Because this advertisement resulted in the eventual sale and seizure of her property, the Court will construe this as an allegation that Baldwin participated in or encouraged the allegedly unconstitutional seizure of her property. Even so, Harvey's allegations do not amount to a Fourth Amendment violation. Her property was seized pursuant to facially valid court order. *Foreclosure Action*, Writ of Possession (entered 1/11/2023). Only unreasonable searches and seizures violate the Fourth Amendment, and seizures that are pursuant to facially valid court orders are not unreasonable. *See Osloond v.*

11

*Mowell*, 1 F. App'x 571, 571 (8th Cir. 2001) (seizure of private property under writ of execution to be sold at sheriff's auction did not violate Fourth Amendment).

Accordingly, Harvey's § 1983 claims against Sheriff Baldwin in his individual capacity are **DISMISSED** for failure to state a claim.

### b. Harvey has failed to plead state action in her § 1983 claims against the Carlisle Defendants.

Finally, the Carlisle Defendants argue, among other things, that Harvey's § 1983 claims against them must be dismissed because their private conduct was not state action. (ECF No. 3, PAGEID # 12.)

Absent a demonstration that private conduct is fairly attributable to the state, "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). "Because private parties do not have authority 'to put the weight of the State behind their private decision[s],' a private party's invalid use of state procedures is not fairly attributable to the state." *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, No. 2:18-CV-1745, 2022 WL 17082686, at *4 (S.D. Ohio Nov. 18, 2022) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982)).

What remains of Harvey's § 1983 claims are her allegations that the Carlisle Defendants initiated the foreclosure action without authority and through improper means. (Compl., ¶¶ 20, 50, 57, 58.) In other words, Harvey complains of the Carlisle Defendants' <u>invalid</u> use of Ohio's foreclosure procedures. Taking her allegations as

12

true, she has failed demonstrate that their private conduct is attributable to the state.

Accordingly, Harvey has failed to state a § 1983 claim against the Carlisle Defendants, so her § 1983 claims against them are **DISMISSED**.

### 2. State Law Claims

Having dismissed Harvey's federal claims against all of the defendants in this action, the Court declines to exercise supplemental jurisdiction over her state law claims. The United States district courts are "courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Once a court has original jurisdiction over some claims in the action, it can exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (holding that claims are part of the same case or controversy if they derive from a "common nucleus of operative facts"). But supplemental jurisdiction is a matter of judicial discretion and "need not be exercised in every case in which it is found to exist." *United Mine Workers of Am.*, 383 U.S. at 726.

The Court finds that exercising supplemental jurisdiction over Harvey's state law claims after dismissing her federal claims would not serve judicial economy, convenience, or comity, and therefore declines to do so. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

Accordingly, Harvey's state law claims are **DISMISSED** without prejudice to refiling in state court.

### C. Summary Conclusion on Motions to Dismiss

Harvey's § 1983 claims are dismissed and the Court declines to exercise supplemental jurisdiction over her state law claims, which are dismissed without prejudice to refiling in state court. Accordingly, Defendants' motion to dismiss (ECF Nos. 3, 9, 10) are **GRANTED.**

### III. MOTION TO AMEND

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Granting leave to amend here would be futile. Harvey seeks to add allegations that her property was taken and that she was notified of her potential entitlement to $30,901.43 in excess monies from the sale of that property. (ECF No. 13, PAGEID # 103, ¶¶ 5, 6.) The Court will construe this as an attempt to plead a takings claim. Still, Harvey does not allege that this amount is unjust or that she is entitled to a greater amount. These new allegations are insufficient to state a takings claim. Moreover, even if such a claim were sufficiently pleaded, it would not be ripe until a "final decision" has been made as to Harvey's compensation. *Harrison v. Montgomery Cnty.*, No. 20-4051, 2021 WL 1881382 (6th Cir. May 11, 2021) (citing *Knick v. Twp. of Scott*, 204 L. Ed. 2d 558, 139 S. Ct. 2162, 2169 (2019)). Upon review of the Complaint, Harvey's additional proposed allegations, and the public record, no such final decision has been reached.

Accordingly, Harvey's motion to file an amended to complaint is **DENIED**.

### IV. CONCLUSION

For the reasons stated herein, Defendants' motions to dismiss (ECF Nos. 3, 9, 10) are **GRANTED**; Harvey's § 1983 claims are dismissed and the Court declines to exercise supplemental jurisdiction over her state law claims, which are dismissed without prejudice to refiling in state court. Harvey's Motion to File an Amended Complaint (ECF No. 13) and her Motion to Show Authority (ECF No. 6) are **DENIED**. The Clerk is **DIRECTED** to **TERMIATE** this case.

IT IS SO ORDERED.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**